# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: **HON. RICHARD LATIN** *Justice* | PART | 46V |
| | INDEX NO. | 152798/2020 |
| CORINE VALENTIN, | MOTION DATE | 3/17/2021 |
| Plaintiff, | MOTION SEQ. NO. | 001 |
| - v - | | |
| AMEREAM LLC,TRIPLE FIVE GROUP, BIG SNOW AMERICAN DREAM, SNOW OPERATING, LLC | **DECISION + ORDER ON MOTION** | |
| Defendants. | | |

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for                    DISMISS                       .

Upon the foregoing cited papers, it is ordered that defendant Snow Operating, LLC d/b/a Big Snow American Dream's motion pursuant to CPLR §3211(a)(8), §501, §510 and §511 to dismiss plaintiff's complaint is determined as follows:

Plaintiff, Corine Valentin, commenced this action to recover for injuries she allegedly sustained as a result of an accident that occurred on the Big Snow American Dream indoor ski slope on February 20, 2020.

By way of background, on April 7, 2020, defendants served a Demand for a Change of Venue pursuant to CPLR §511. Five days elapsed since service of the Demand for Change of Venue and no CPLR §511(b) affidavit has been served by plaintiff to justify venue in New York County. On June 8, 2020, the defendants, Ameream, LLC, Triple Five Group, and Snow Operating, LLC d/b/a Big Snow American Dream ("Big Snow') filed an Answer that included lack of jurisdiction and claims of improper venue. Defendant Big Snow now moves for an order to dismiss plaintiff's complaint.

"'Although a plaintiff is not required to plead and prove personal jurisdiction in the complaint, where jurisdiction is contested, the ultimate burden of proof rests upon the plaintiff'" (*see Pichardo v Zayas*, 122 AD3d 699, 700 [2014], quoting *Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 914 [2014]). In opposing a motion to dismiss the complaint pursuant to CPLR 3211 (a)(8) on the ground of lack of personal jurisdiction, "a plaintiff need only make a prima facie showing that such jurisdiction exists" (see *Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008].

152798/2020   VALENTIN, CORINE vs. AMEREAM LLC
Motion No.  001

Page 1 of 6

1 of 6

To prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (*Kidd v 22-11 Realty, LLC*, 142 AD3d 488, 489 [2d Dept 2016], quoting *Deas v Ahmed*, 120 AD3d 750, 751 [2d Dept 2014]; *see* CPLR 511[b]). Only if the defendant meets this initial burden, would the plaintiff be required to establish, in opposition, that the venue she selected was proper (*see Deas*, 120 AD3d at 751).

Where the plaintiff does not consent to the change, defendant may move to change the place of venue "within fifteen days after service of the demand" (CPLR § 511 [a], [b]). Where a defendant fails to timely move for a change of venue, it forfeits the right to request a change of venue "as of right," but the court may nonetheless consider whether to grant the motion to change venue on a discretionary basis (*see Kurfis v Shore Towers Condominium*, 48 AD3d 300, 300 [1st Dept 2008]).

When a motion for a discretionary change of venue is made, "a court must, whenever possible, transfer an action under CPLR 510 to a county in which the action properly could have been commenced" (*Saxe v OB/GYN Associates, P.C.*, 86 NY2d 820, 822 [1995]). Such transfer is made "[i]n light of the express legislative preference for actions being tried in proper counties (*see* CPLR 502, 503, 510 [1]; 511[b])" (*id.*).

In support of the motion, defendant Big Snow submits, inter alia, the deposition testimony of plaintiff, the affidavit of Jim Haas, the general manager of Big Snow, and the affidavit of Michael Sangalli, the Chief Financial Officer of Snow Operating, LLC d/b/a Big Snow American Dream.

*Affidavit of Jim Haas*

Haas testified that he is the General Manger of Big Snow. After a review of their business records, he stated that on February 20, 2020, the plaintiff purchased a Snow Day package which included the rental of ski/snowboard equipment, outer wear, a helmet, and a two-hour slope access ticket and access to Terrain Based Learning Skills. Haas attested that before the plaintiff was permitted to use any equipment, take a lesson or ski on the trails, she executed a participation agreement which included the following pertinent sections:

> PLEASE READ THE FOLLOWING WARNINGS AND TERMS OF USE AS YOUR SIGNATURE CREATES A BINDING AGREEMENT
>
> 10. CHOICE OF VENUE-MORRIS COUNTY. I AGREE that any and all disputes between myself and Big Snow arising from my participation in the sport of skiing shall be GOVERNED BY THE STATE OF NEW JERSEY and the EXECUTIVE JURISDICTION thereof will be in the state or federal courts of the STATE OF NEW JERSEY and venue in the state court shall be MORRIS COUNTY, NEW JERSEY.

152798/2020   VALENTIN, CORINE vs. AMEREAM LLC
Motion No. 001
Page 2 of 6

2 of 6

> If any part of this agreement is deemed unenforceable, the remainder shall be an enforceable contract between the parties. I AM AWARE THAT THIS CONTRACT IS LEGALLY BINDING AND THAT I AM RELEASING LEGAL RIGHTS BY SIGNING IT.
>
> Participant: Corine Valentin
> Signatory: Corine Valentin
> Date Signed: 2/20/2020
> Signature Method: Digital, Checkbox Agreement

*Deposition testimony of plaintiff Corine Valentin*

Plaintiff stated that she took a vacation with her family during her children's mid-winter break. She explained that Big Snow was easily accessible from Manhattan. Plaintiff went on Big Snow's website to see the prices and did not complete any documents online. Valentin explained that once she arrived at Big Snow she encountered an attendant and three tablets. Thereafter, plaintiff chose her ski package which included equipment, a jacket and ski lessons. Plaintiff was asked at her deposition if she had to go on a computer screen to input information and she replied by stating, "[i]t was small tablets. And then you swipe your card and then just—just—he told me, [j]ust check, check, check and then—and then sign for the—for the credit card. And which I did. And that was it."

Moreover, in response to the question if plaintiff digitally signed a document on February 20, 2020, she replied, "I do remember signing my credit card, but this one—it says here, Signatory. I mean, I did—I did sign—I thought it was a—you know, you swipe and then—swipe my credit card, and then you just sign. That is what I remember." Then, she stated, "[h]e told me to click, click, click. You check this box, check this box. And he was in a hurry about it. And then I did check the boxes, and then I signed." Additionally, plaintiff stated that when she signed onto the tablet, she did not see the warning stating that her signature creates a binding agreement. However, she then admitted that she is a professional registered nurse and generally looks at what she signs.

*Affidavit of Michael Sangalli*

Sangalli testified that he is the Chief Operating Officer of Snow Operating, LLC d/b/a Big Snow American Dream. He stated that Snow Operating, LLC d/b/a Big Snow American Dream owns and operates Big Snow American Dream, an indoor ski slope, at the American Dream located at the Meadowlands Complex in East Rutherford, New Jersey. Sangalli further testified that American Dream is a retail, entertainment and restaurant facility. Ameream, LLC is the landlord of American Dream and according to the lease between Ameream, LLC and Snow Operating, LLC, Ameream, LLC is a Delaware Limited Liability Company, with an address in East Rutherford, New Jersey. He testified that Ameream, LLC does not operate or control Big Snow American Dream. Although he is unaware of the relationship between Triple Five Group and American Dream, he affirmed that they do not operate or control Big Snow American Dream.

152798/2020   VALENTIN, CORINE vs. AMEREAM LLC
Motion No. 001

Page 3 of 6

3 of 6

He further averred that Big Snow is a New Jersey Limited Liability Company. Sangalli explained that Snow Operating, LLC d/b/a Big Snow American Dream is not a corporation licensed in New York, engages in no conduct and derives no revenue from goods or services rendered in New York, and does not own, use or possess any real property within the State of New York. Also, Big Snow does not have a mailing address, bank accounts or employees working in New York.

"A contractual forum selection clause is prima facie valid and enforceable unless it is 1) shown by the challenging party to be unreasonable, unjust, in contravention of public policy, or invalid due to fraud or overreaching, or 2) it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*see Bernstein v Wysoki,* 77 AD3d 241 [2d Dept 2010]).

In this case, the contractual forum selection clause was part of a participation agreement that was presented to plaintiff in an electronic form on a tablet when she purchased a ski package from Big Snow. These online contracts come in various types and have different features.

In *Berkson v Gogo LLC*, 97 F Supp 3d 359, 394–403 [EDNY 2015], the four "general types of online consumer contracts are identified as (a) browsewrap; (b) clickwrap; (c) scrollwrap; and (d) sign-in-wrap." As explained by Judge Weinstein in *Berkson:* Browsewrap exists where the online host dictates that assent is given merely by using the site. Clickwrap refers to the assent process by which a user must click "I agree," but not necessarily view the contract to which she is assenting. Scrollwrap requires users to physically scroll through an internet agreement and click on a separate "I agree" button in order to assent to the terms and conditions of the host website. Sign-in-wrap couples assent to the terms of a website with signing up for use of the site's services.... (*id.*).

A party may be bound to a click wrap agreement by clicking a button declaring assent, so long as the party is given a "sufficient opportunity to read the ... agreement, and assents thereto after being provided with an unambiguous method of accepting or declining the offer" ( *Serrano v Cablevision Sys. Corp.*, 863 F Supp 2d 157, 164 [EDNY 2012]). Here, it is undisputed that the subject agreement was a clickwrap agreement and that plaintiff clicked through, checking the boxes, and signed her name. Although plaintiff stated that she did not read the warnings in terms of using her signature to create a binding agreement, she did not testify that the provisions of the agreement were hidden or submerged (*see Specht v Netscape Commc'ns Corp.,* 306 F3d 17 [2d Cir. 2002]). Thus, plaintiff assented to the participation agreement by clicking all the boxes, including the venue selection clause. Accordingly, the venue if brought in State Court in New Jersey is to be Morris County, New Jersey.

Even if the agreement was not enforceable, New Jersey is still the proper venue because Big Snow's "minimum" contacts with New York are insufficient to warrant jurisdiction. With respect to CPLR 301, Big Snow is not subject to personal jurisdiction in New York. That statute permits New York courts to exercise jurisdiction over an entity that has engaged in "a continuous and systematic course of 'doing business' in this state, such that it may be said to have presence here (*see Landoil Resources Corp. v Alexander & Alexander Servs.,* 77 NY2d 28, 33 [1990]). As stated above by Sangalli, Big Snow is a New Jersey corporation not registered to do business in New York, engages in no conduct and devises no revenue from goods or services rendered in New

152798/2020   VALENTIN, CORINE vs. AMEREAM LLC
Motion No. 001

Page 4 of 6

4 of 6

York, and does not own, use or possess any real property within the state of New York. Additionally, Sangalli attested that Big Snow has no mailing address, bank accounts or employees working in New York.

Also, this court has no long arm jurisdiction under CPLR 302(a)(3) over Big Snow, a New Jersey Limited Liability Company. Under CPLR 302, a non-domiciliary corporation may be subject to personal jurisdiction in New York if they:

> 1) transact any business within the state or contracts anywhere to supply goods or services in the state; or 2) commits a tortious act within the state; or 3) commits a tortious act outside of the state causing injury to persons within the state if they a) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods or services rendered in the state, or b) expects or should reasonably expect the act to have consequences in the state and derive substantial revenue from interstate or intentional commerce; or 4) owns, uses or possesses any real property situated in the state.

Here, it is undisputed that plaintiff's accident occurred in the state of New Jersey. Moreover, it is clear that the aggregate of Big Snow's activities falls within the state of New Jersey and are not present in New York. It is evident that Big Snow had only been open to the public for approximately ten weeks at the time of the accident, which would not, under any circumstances, be sufficient enough time to establish a "systematic and continuous" relationship with New York. Although defendant's website was accessible worldwide, mere solicitation of business in New York is insufficient to constitute doing business here (*see Holness v Maritime Overseas Corp.,* 251 AD2d 220, 222-223 [1998]).

Accordingly, defendant Big Snow's motion is granted to the extent that plaintiff's complaint is dismissed as to Snow Operating LLC d/b/a Big Snow American Dream on the condition that within 30 days after service upon plaintiff with a copy of this order, together with notice of entry, Snow Operating LLC d/b/a Big Snow American Dream stipulates to (1) accept service of process in a new action in the state of New Jersey upon the same causes of action as those answered in the instant complaint, and waive any objection to personal jurisdiction in that new action; and (2) to waive any defense of the statute of limitations not available in New York at the time of the commencement of this action, all provided that the new action is commenced within 90 days after the date of execution of the stipulation.

In the event that that Snow Operating LLC d/b/a Big Snow American Dream fails to stipulate, then the motion is denied in its entirety.

152798/2020   VALENTIN, CORINE vs. AMEREAM LLC                                  Page 5 of 6
Motion No. 001

5 of 6

Defendant Big Snow is directed to serve a copy of this order on all parties within thirty (30) days of the date of entry of this order, together with notice of entry.

This is the decision and order of this court.

Index No. 152798/20

| 11/19/2021 | | |
|---|---|---|
| **DATE** | | **RICHARD LATIN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

152798/2020   VALENTIN, CORINE vs. AMEREAM LLC
Motion No.  001

Page 6 of 6

6 of 6